UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PANELIZED STRUCTURES, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL INSURANCE GROUP, LM INSURANCE CORPORATION, LIBERTY MUTUAL INSURANCE COMPANY and ARIZONA LABOR FORCE, INC., an Arizona corporation, dba ALLIED FORCES TEMPORARY SERVICES, et al., <br><br> Defendant. | Case No. 2:12-cv-00264-MMD-GWF <br><br> ORDER <br><br> (Def.'s Motion to Dismiss – dkt. no. 24) <br><br><br> CONSOLIDATED WITH LEAD CASE NO. 2:10-cv-01951-MMD-PAL |

Before the Court is Defendants Liberty Mutual Insurance Group, LM Insurance Corporation and Liberty Mutual Insurance Company's Motion to Dismiss. (Dkt. no. 24.) For the reasons discussed below, the Motion is granted.

This case is ancillary to, and arises from, the now consolidated action in Case No. 2:10-cv-01951-MMD-PAL. The underlying facts are set out in the Court's Orders in the consolidated case. Pertinent to this Motion is that Liberty Mutual Insurance Group ("Liberty Mutual") originally brought suit against Panelized Structures, Inc. ("PSI") as part of a workers' compensation insurance dispute. PSI also brought a counterclaim against Liberty Mutual and related parties alleging that the lawsuit violated the terms of a workers' compensation insurance contract between Liberty Mutual and Arizona Labor Force, Inc.'s ("ALFI"), to which PSI argued it was an intended third party beneficiary.

The Court dismissed the counterclaim on the grounds that PSI's claim was barred by the applicable statute of limitations. PSI then filed a motion for reconsideration, which the Court denied.

PSI subsequently filed this separate action alleging that Liberty Mutual's prosecution of the original lawsuit violated fiduciary duties and PSI's third party beneficiary contractual rights under ALFI's insurance policy. PSI also alleges that Liberty Mutual had a duty to defend PSI against suit from the injured worker. Liberty Mutual then brought this Motion to Dismiss, arguing that PSI's claims are barred by res judicata, compulsory counterclaims that must have been brought in the original suit, and still barred by the statute of limitations.

The Court agrees that the issues PSI raises in this case were resolved in the original lawsuit. First, the parties to the original counterclaim and to this suit are the same.[1] Second, the counterclaim was dismissed as barred by the statute of limitations, a decision on the merits. *See Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995). Third, although the original litigation has not concluded with a final judgment, the issues in the counterclaim were actually litigated and necessarily decided. Finally, the claims asserted here are essentially the same as the claims in the counterclaim. The additional claims that PSI adds are still based upon the argument that Liberty Mutual's prosecution violated PSI's rights arising out of ALFI's insurance contract. Thus, the re-litigation of the issues decided previously would be improper.

Additionally, to the extent that PSI raises any new issues in this suit, those issues would be compulsory counterclaims that must have been raised in the original lawsuit. Both PSI's counterclaim and this action arise from the same transaction or occurrence

---

[1] There is a slight difference between Liberty Mutual Insurance Group/Boston — a party in the original — and Liberty Mutual Insurance Company — a party here. However, PSI has not alleged anything specifically against these parties, or even claimed they are different entities. Further, facts in the original suit establish LM Insurance Corporation as the entity which issued the insurance policy, and thus, the only party against whom a claim may be asserted.

as the original action. As such, the claims are compulsory counterclaims to the original suit. Fed. R. Civ. P. 13(a). Compulsory counterclaims that are not raised in the original litigation cannot be brought in another separate lawsuit. *Hydronautics v. FilmTec Corp.*, 70 F.3d 533, 536 (9th Cir. 1995). Thus, PSI's claims are barred.

In its opposition brief, PSI attempts to justify this separate action with the argument that Liberty Mutual was not the real party in interest in the original lawsuit and thus, Liberty Mutual lacked standing to prosecute the case. As a result, PSI further argues, the Court lacked jurisdiction over the original action and the Court's Order dismissing PSI's counterclaim is void.

Although, the Court determined that Liberty Mutual was not the real party in interest, the substitution of the actual real party in interest, LM Insurance Corporation, resolved the jurisdictional issue. In a substitution context, a court is not deprived of jurisdiction "even though the original plaintiff presumably had no standing," *see G.K. Las Vegas Ltd. P'ship v. Simon Prop. Group, Inc.*, No. CV-S-04-1199-DAE-RJJ, 2007 WL 4380134 at *3 (D. Nev. Dec. 11, 2007), because, upon substitution of the proper plaintiff, the "action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). LM Insurance Corporation is considered to have prosecuted the case from the beginning, thus satisfying the standing and jurisdictional requirements.[2]

In sum, the arguments PSI presents to justify this separate suit are no different than those made in PSI's motion to set aside the Court's Order dismissing PSI's counterclaim in Case No. 2:10-cv-01951-MMD-PAL. The Court rejected the same arguments in that case, and similarly rejects them here. As PSI's claims are barred, PSI has not stated a claim on which relief can be granted as required by Fed. R. Civ. P. 8(a).

---

[2] Substitution, its propriety and effects on litigation are more thoroughly discussed in the Court's Order granting Liberty Mutual's Motion to Substitute LM Insurance Corporation as Plaintiff Real Party in Interest Pursuant to Rule 17(a). (*Liberty Mutual Insurance Group v. Panelized Structures, Inc. et al.*, No. 2:10-cv-01951-MMD-PAL, dkt. no. 185.)

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is GRANTED. The Clerk of Court is instructed to close this case.

DATED THIS 15th day of March 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE